# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| FLOYD COUNTY MUTUAL INSURANCE ASSOCIATION a/s/o CLARK R. McGREGOR, RONALD R. McGREGOR REVOCABLE TRUST, and McGREGOR FARMS INC., <br><br> Plaintiff, <br><br> vs. <br><br> CNH INDUSTRIAL AMERICA LLC, <br><br> Defendant. | No. 19-CV-2012-CJW-KEM <br><br> **MEMORANDUM OPINION AND ORDER** |

_____

This matter is before the Court on plaintiff's Motion to Certify Order and for Stay of the Proceedings. (Doc. 18). Defendant did not file a resistance. For the following reasons, plaintiff's motion is **denied**.

## I. FACTUAL BACKGROUND

Plaintiff alleges that it is an insurance company with its principal place of business in Charles City, Iowa. (Doc. 17, at 2). Plaintiff asserts that it issued an insurance policy to Clark R. McGregor, the Ronald R. McGregor Revocable Trust, and McGregor Farms Inc. (collectively, "McGregor") and that the policy covered a tractor manufactured by defendant. (*Id.*). Plaintiff alleges that the tractor started on fire while its insured was properly operating it and the tractor was destroyed. (*Id.*, at 3). Plaintiff claims that under the terms of the policy it paid McGregor $145,000 for the tractor and $22,787.81 for other personal property in the tractor destroyed in the fire. (*Id.*). Plaintiff asserts that it is subrogated to all of McGregor's claims against defendant. (*Id.*).

## II. PROCEDURAL HISTORY

Plaintiff's complaint included four counts against defendant: 1) negligence; 2) breach of warranty; 3) strict liability; and 4) failure to warn. (Doc. 1, at 3-4). Defendant moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. 6). Defendant moved to dismiss Count II, the breach of warranty claim, because the express warranty that accompanied McGregor's purchase of the tractor conspicuously disclaimed all implied warranties, and the express warranty expired before the fire. (Doc. 6, at 1). Plaintiff conceded that its warranty claims were barred and agreed to the dismissal of Count II (Doc. 9, at 3). The Court dismissed Count II with prejudice. (Doc. 16, at 2).

As to Counts I, III, and IV, defendant argued that Iowa's economic loss doctrine ("ELD"), also known as the "economic loss rule," barred plaintiff's tort claims because plaintiff did not allege damages to anything other than the tractor itself. (Doc. 6, at 2). Plaintiff asserted that Iowa law recognizes a "[s]udden and [d]angerous [e]xception" to the ELD. (Doc. 9, at 4-9). Plaintiff argued the purported sudden and dangerous exception allows a plaintiff to bring product defect claims in tort, even if there is no damage to other property, if the defect resulted in a sudden and dangerous occurrence. (*Id.*). Plaintiff also asserted that even it if was required to plead damage to property other than the tractor, it alleged such damage in the complaint. (*Id.*, at 9-11). In the alternative, plaintiff moved for leave to amend its complaint if the Court found that plaintiff was required to plead damage to property other than the tractor and that the complaint failed to do so. (*Id.*, at 2 n.1, 10).

On July 1, 2019, the Court issued its Order granting defendant's Motion to Dismiss ("Order"). (Doc. 16). The Court noted that "[t]he Iowa Supreme Court has consistently held that Iowa's ELD bars recovery in tort when the plaintiff has sustained purely economic damages." (*Id.*, at 3 (citing *Des Moines Flying Service, Inc. v. Aerial Services*

*Inc.*, 880 N.W. 2d 212, 218 (Iowa 2016); *Annett Holdings, Inc. v. Kum & Go.*, 801 N.W. 2d 499, 503 (Iowa 2011); *Determan v. Johnson*, 613 N.W. 2d 259, 261-62 (Iowa 2000))). The Court explained that Iowa courts apply a multi-factor test to determine if a claim sounds in contract or tort, but there must be damages which extend beyond the product itself for a product defect claim to sound in tort. (*Id.*, at 4 (citing *Determan*, 613 N.W. 2d at 262)). The Court held that the complaint only alleged damage to the tractor, and thus the ELD barred plaintiff's tort claims. (*Id.*, at 4-5).

The Court then addressed whether Iowa law recognizes a sudden and dangerous exception to the ELD separate from the multi-factor test. (*Id.*, at 5). The Court pointed out that it previously rejected an identical argument in *Conveyor Co. v. Sunsource Technology Services Inc.*, 398 F. Supp. 2d 992 (N.D. Iowa 2005). (*Id.*). The Court quoted *Conveyor*'s finding that there is "no suggestion in Iowa cases that a 'sudden or dangerous occurrence,' standing alone, will transform what is otherwise a contract or breach of warranty claim into a strict product liability claim, in the absence of personal injury or property damage extending beyond damage to the product itself." (*Id.* (quoting *Conveyor Co.*, 398 F. Supp. 2d at 1011)). The Court granted defendant's Motion to Dismiss as to plaintiff's tort claims, but granted plaintiff leave to amend to assert damage to property other than the tractor. (*Id.*, at 6).

On July 12, 2019, plaintiff filed its Amended Complaint which reasserts plaintiff's claims for negligence, strict liability, and failure to warn. (Doc. 17, at 3-4). The Amended Complaint alleges that plaintiff paid McGregor $145,000 for the tractor and $22,787.81 for other personal property in the tractor that was destroyed in the fire. (*Id.*, at 3). Plaintiff also filed its motion requesting that the Court certify the Order for interlocutory appeal under Title 28, United States Code, Section 1292(b). (Doc. 18, at 1). Plaintiff seeks an interlocutory appeal of the Court's holdings that Iowa has not adopted a separate sudden and dangerous exception to the ELD, and that accordingly

plaintiff is required to plead damage to property other than the tractor to assert tort claims. (*Id.*, at 2). On July 26, 2019, defendant filed its answer to plaintiff's Amended Complaint. (Doc. 23). Defendant's answer asserted several affirmative defenses, including the ELD, but defendant does not assert that the Court lacks subject matter jurisdiction over plaintiff's claims. (*Id.*, at 5-6).

### III. ANALYSIS

#### A. *Applicable Law*

"An order dismissing some but not all claims is not final and not immediately appealable. Such an order may be appealed, however, if certain conditions enumerated in . . . 28 U.S.C. § 1292(b) have been met." *Mathers v. Wright*, 636 F.3d 396, 398 (8th Cir. 2011) (internal citation omitted). Under Section 1292(b), a district court may certify an order for interlocutory appeal when: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union Cty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *White v. Nix*, 43 F.3d 374, 377 (8th Cir.1994)). For certification to be appropriate each of the three criteria must be satisfied, and each criterion requires a separate inquiry. *Quality Office Furnishings, Inc. v. Allsteel, Inc.*, No. 3:17-cv-00041-JEG, 2018 WL 7077066, at *10 (S.D. Iowa Dec. 18, 2018) (citing *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 428, 479 (S.D.N.Y. 2013); *Sacchi v. Verizon Online LLC*, No. 14-CV-423 RA, 2015 WL 1729796, at *2 (S.D.N.Y. Apr. 14, 2015)).

"[Section] 1292(b) should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases." *White*, 43 F.3d at 376 (citation and internal quotation marks omitted). "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate

appeal is warranted." *Id*. Certification under Section 1292(b) is within the Court's discretion. *De Dios v. Indem. Ins. Co. of N. Am.*, No. C 18-4015-MWB, 2018 WL 3420810, at *3 (N.D. Iowa July 13, 2018) (citing *Industrial Wire Prods., Inc. v. Costco Wholesale Corp.*, 576 F.3d 516, 519 n.2 (8th Cir. 2009)).

### B.     *Controlling Question of Law*

The Court's Order dismissed one of plaintiff's four claims, and thus is an interlocutory order not subject to appeal except as provided in Section 1292(b). A question of law is controlling for purposes of Section 1292(b) if the alleged error in the interlocutory order would constitute reversible error on appeal. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). An issue of law may also be controlling when it seriously affects the conduct of the litigation going forward. *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (citations omitted). "'[C]ontrolling' means controlling in light of the situation that exists when the district judge makes his certification under [S]ection 1292(b) . . . ." *Id*. at 1205.

Plaintiff has not met its heavy burden to show that the Court's decisions in the Order regarding the ELD are "controlling." The portion of plaintiff's motion[1] addressing the controlling issue of law requirement only reiterates plaintiff's arguments from its resistance. (*See* Doc. 18, at 2-4). Plaintiff's motion does not address how the Court's Order could lead to reversal on appeal, or how it will seriously impact the conduct of litigation going forward. Regardless, plaintiff cannot meet its heavy burden. It is fundamental that reversal on appeal requires prejudice to the appellant. *See Carlisle Packing Co. v. Sandanger*, 259 U.S. 255, 259 (1922) ("[M]ere error, without more, is

---

[1] The Court notes that plaintiff's motion, which also includes its arguments in favor of certification for interlocutory appeal, does not comply with the Local Rules. The Local Rules require separate briefs for all motions other than those exempted from the requirement. LR 7(d). Plaintiff is advised that future noncompliance with the local rules may result in the Court striking improper filings or imposing other sanctions as appropriate.

5

not enough to upset the judgment, if the record discloses that no injury could have resulted therefrom."). The Court granted plaintiff leave to amend its tort claims to assert damage to property other than the tractor. (Doc. 16, at 7). Plaintiff filed its Amended Complaint which reasserts plaintiff's tort claims and seeks damages for the tractor and other property destroyed in the fire. (Doc. 17, at 3-4). Defendant filed an answer to plaintiff's Amended Complaint and did not move to dismiss it. (Doc. 23). At this time all of plaintiff's tort claims, in their full amount, are pending before the Court. Thus, plaintiff cannot show any prejudice resulting from the Court's Order.

The Order likewise has not seriously impacted the conduct of litigation in this case going forward. As noted above, all of plaintiff's tort claims, for all of its alleged damages, are pending before the Court. Plaintiff has provided no basis for the Court to conclude that the Order will affect how the parties conduct discovery or any other pretrial matters. Because there is no prejudice to plaintiff or impact on the pretrial proceedings the Order did not involve a controlling question of law. Thus, the Court cannot certify its Order for interlocutory appeal. Although the lack of a controlling issue of law alone requires that the Court deny plaintiff's motion, the Court will nevertheless address the remaining factors for certification for interlocutory appeal.

### C. *Substantial Ground for Difference of Opinion*

Substantial grounds for a difference of opinion exist when "the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions [or] the question is one of first impression." *Graham v. Hubbs Mach. & Mfg., Inc.*, 49 F. Supp. 3d 600, 612 (E.D. Mo. 2014) (citation and internal quotation marks omitted). On the other hand, "a party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (alteration and internal quotation marks omitted).

Plaintiff's motion seeks to relitigate the same arguments plaintiff raised in its resistance to defendant's Motion to Dismiss. (Docs. 9, at 4-6; 18 at 3 (citing *Nelson v. Todd's Ltd.*, 426 N.W. 2d 120, 125 (Iowa 1988); *Am. Fire & Cas. Co. v. Ford Motor Co.*, 588 N.W.2d 437 (Iowa 1999)). Plaintiff also asserts that the Court failed to follow the *Erie* doctrine by relying on *Conveyor* in holding that Iowa does not recognize a sudden and dangerous exception to the ELD apart from the multi-factor test. (Doc. 18, at 4 (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938))).

There is no substantial ground for a difference of opinion regarding the Court's rejection of plaintiff's argument for a sudden and dangerous exception to the ELD. The Iowa Supreme Court did not, as plaintiff asserts, adopt a separate "sudden and dangerous" exception to the ELD in *Nelson*. Rather, the court in *Nelson* quoted with approval a multi-factor test to determine whether a claim lies in contract or tort:

> The line between tort and contract must be drawn by analyzing interrelated factors such as the nature of the defect, the type of risk, and the manner in which the injury arose. These factors bear directly on whether the safety-insurance policy of tort law or the expectation-bargain protection policy of warranty law is most applicable to a particular claim.

*Nelson*, 426 N.W.2d at 124–25 (Iowa 1988) (quoting *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.*, 652 F.2d 1165, 1173 (3rd Cir.1981)). In applying the multi-factor test, the *Nelson* court noted that "[t]ort theory . . . is *generally* appropriate when the harm is a sudden or dangerous occurrence." *Id.*, at 125 (emphasis added). The Iowa Supreme Court did not adopt a sudden and dangerous exception in *Nelson*, but rather, it recognized that the presence of a sudden or dangerous occurrence is one factor in a multi-factor analysis that weighs in favor of a claim sounding in tort.

Iowa Supreme Court cases following *Nelson* likewise do not support plaintiff's contention that there is a separate sudden and dangerous exception to the ELD. In *Determan*, the Iowa Supreme Court clarified the circumstances under which the ELD

7

bars tort claims based on product defects. 613 N.W. 2d at 261-63. The *Determan* court quoted the multi-factor test adopted in *Nelson* and stated that in order for a product defect claim to be cognizable in tort, "[n]otwithstanding our adherence to this multi-factor test, we have required at a minimum that the damage for which recovery is sought must extend beyond the product itself." *Id.* at 262. The Iowa Supreme Court cited *American Fire* in support of the requirement that there be damage to property other than the product itself for a product defect claim to sound in tort. *Id.* (citing *American Fire*, 588 N.W.2d at 438–39 (Iowa 1999)). The Iowa Supreme Court also cited *American Fire* to illustrate that the existence of a sudden and dangerous occurrence is a factor under the multi-factor analysis that weighs in favor of a product defect claim sounding in tort. *Id.*, at 262-63. In short, the Iowa Supreme Court's explanation of the ELD in *Determan* makes clear that it did not, as plaintiff argues, adopt a separate sudden and dangerous exception in *Nelson* or *American Fire*.

After *Determan*, there is no substantial ground to support plaintiff's position that there is a sudden and dangerous exception separate from the multi-factor analysis to determine if a product defect claim is cognizable in contract or tort.[2] While a sudden and dangerous occurrence generally weighs in favor of a product defect claim sounding in tort, such claims must sound in contract when there is no damage to property other than the product itself. *Id.* The Court's application of the ELD to plaintiff's tort claims in the Order is also consistent with how the Iowa Court of Appeals and other federal courts have interpreted ELD since *Determan*. *See Rozeboom Dairy, Inc. v. Valley Dairy*

---

[2] Plaintiff argued in its resistance to defendant's Motion to Dismiss that the Iowa Supreme Court's analysis of the ELD in *Determan* was dicta. (Doc. 9, at 6). Even if plaintiff is correct, dicta from a state's highest court is only persuasive authority for a federal court applying state law. *See S.B.L. By & Through T.B. v. Evans*, 80 F.3d 307, 310 (8th Cir. 1996) (noting that even if statements of the Missouri Supreme Court were only dicta, they were still persuasive authority to the district court applying Missouri law).

*Farm Automation, Inc.*, 798 N.W.2d 349 at *6-7 (Iowa Ct. App. 2011) (Table) ("[Iowa courts] have consistently allowed recovery in tort where the product was dangerous to the user and caused injuries extending to property other than the product itself. . . . However [Iowa courts] have consistently found the proper remedy is in contract, not tort, in actions where the only damage was a loss of the benefit of the bargain or was to the product itself."); *Banowetz v. LS Ray Farm Serv., LLC*, No. 3:17-cv-00032-RGE-SBJ, 2018 WL 6380780, at *7 (S.D. Iowa Aug. 2, 2018) ("The economic loss doctrine generally bars recovery in tort for losses relating to a party's disappointed expectations, but tort claims remain available in circumstances where the loss involves a safety hazard or sudden danger that results in personal injury or harm to property other than the subject of the contract."); *S. Ins. Co. Lowenberg v. CJG Enterprises, Inc.*, No. 3:15-cv-00131-RGE-SBJ, 2017 WL 3449610, at *5 (S.D. Iowa May 12, 2017) (noting that damage beyond the defective product itself is a threshold requirement for tort recovery, but the claim must otherwise satisfy the requirements of the multi-factor test to proceed in tort). Regardless of plaintiff's insistence to the contrary, there is no substantial ground for disagreement; Iowa courts do not recognize a separate sudden and dangerous exception to the ELD.

Plaintiff's *Erie* doctrine argument likewise fails to create substantial grounds for a difference of opinion. In *Conveyor*, this Court addressed the same arguments raised by the parties on defendant's Motion to Dismiss. 398 F. Supp. 2d at 1005-06. The Court held that the ELD barred the plaintiff's tort claims because the plaintiff only alleged damage to the product itself, and that Iowa law does not recognize an exception to the ELD for a sudden and dangerous occurrence which does not result in damage to persons or other property. *Id.* at 1006-13.

Plaintiff is correct that federal courts applying state law are bound by state statutes and the decisions of the state's highest court. (Doc. 18, at 4 (citing *Erie*, 304 U.S. at

78)). Although *Conveyor* is a federal case, the Court in *Conveyor* correctly applied Iowa Supreme Court precedent on the ELD, including an extensive analysis of *American Fire* and *Determan*. *Id.* at 1006-11. Plaintiff has not cited any Iowa Supreme Court precedent since *Conveyor* indicating that *Conveyor* incorrectly applied Iowa law in rejecting the same arguments that plaintiff raised in its resistance. Thus, there is no conflict between Iowa law and the Court's ruling in *Conveyor*, and *Erie* has no application here. The Court's Order is consistent with Iowa law, there are no substantial grounds to support plaintiff's argument for the existence of a sudden and dangerous exception. Thus, interlocutory appeal is not appropriate under Section 1292(b).

### D. *Advance the Ultimate Termination of the Litigation*

In determining whether interlocutory appeal will advance the ultimate termination of litigation, courts consider whether "an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994) (citation omitted). Plaintiff argues that an immediate appeal may materially advance the termination of litigation because "[i]t is unclear from the Court's Order whether [p]laintiff may only recover its damages to other property, or if other property damage exists, [p]laintiff may recover for both the product itself as well as the other property." (Doc. 18, at 5). Plaintiff asserts that the damage to property other than the tractor is below the $75,000 threshold to invoke this Court's diversity jurisdiction, so if plaintiff can only recover damages to the other property, the Court will lack subject matter jurisdiction. (*Id.*). Plaintiff's argument is unavailing because plaintiff's tort claims, for both the tractor and other property, remain pending before the Court.

In response to the Court's order granting leave to amend, plaintiff filed an amended complaint and asserted damages to property other than the tractor. (Docs. 16, at 6; 17).

Defendant did not move to dismiss plaintiff's amended complaint. Rather, defendant answered without raising lack of subject matter jurisdiction as an affirmative defense. (Doc. 23, at 5-6). Given the current posture of the case, there is no decision the Eighth Circuit Court of Appeals could enter on interlocutory appeal that would eliminate the need for a trial or otherwise simplify the trial or discovery. Thus, plaintiff's proposed interlocutory appeal would not advance the ultimate termination of litigation. The absence of any one of the three requirements for interlocutory appeal would be fatal to plaintiff's motion. Here, plaintiff has not met its heavy burden to show any of the three requirements. Given that interlocutory appeal is not appropriate, plaintiff's requested stay of the proceedings is unnecessary. Thus, Plaintiff's Motion to Certify Order and for Stay of the Proceedings (Doc. 18) is **denied**.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Certify Order and for Stay of the Proceedings (Doc. 18) is **denied**.

**IT IS SO ORDERED** this 23rd day of August, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa